IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNAMALAI ANNAMALAI,

                        Petitioner,

    v.

WARDEN EMMERICH,

                        Respondent.

OPINION and ORDER

24-cv-205-jdp

---

ANNAMALAI ANNAMALAI,

                        Petitioner,

    v.

WARDEN EMMERICH,

                        Respondent.

OPINION and ORDER

25-cv-533-jdp

---

Petitioner Annamalai Annamalai, proceeding without counsel, has filed related emergency motions to vacate final judgments entered in case nos. 24-cv-205-jdp and 25-cv-533-jdp. For the reasons explained below, the court will deny both motions.

BACKGROUND

In the '205 case, Annamalai brought an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking restoration of good-conduct time based on allegations that Bureau of Prison officials denied him procedural due process during disciplinary proceedings. During those proceedings, Annamalai was found guilty of using the mail to file two fraudulent bankruptcy petitions against Teresa Louis and Clifford J. White. Louis was a victim and witness in Annamalai's federal criminal case, and White was a former director of the Trustee Program

for the U.S. Department of Justice. The disciplinary hearing officer found that Annamalai falsely declared in the bankruptcy petitions that Louis and White owed him lofty debts and had agreed to those debts. While the amended petition in the '205 case was pending, Annamalai brought a petition in the '533 case, seeking restoration of good-conduct time based on allegations that BOP officials denied him procedural due process during a separate disciplinary proceeding.

On January 14, 2026, I accepted Annamalai's notice of voluntary dismissal in the '533 case and closed that case. Dkt. 15 in the '533 case. Two days later, Annamalai moved to withdraw his notice of voluntary dismissal. Dkt. 16 in the '533 case. The motion to withdraw was dated January 11, 2026.

On January 30, 2026, I issued an order in the '205 case that contained several dispositive rulings. Dkt. 57 in the '205 case. First, I denied the amended petition in the '205 case on the merits, concluding that the disciplinary record definitively showed that Annamalai received all the process he was due. Alternatively, I dismissed both the amended petition in the '205 case and the petition in the '533 case as a sanction for Annamalai's dishonesty. I found that Annamalai intentionally made a false statement in the '205 case to attempt to gain a litigation advantage. Annamalai stated that a purported "equitable order of specific performance" entered in a Vigo County, Indiana case in November 2020 established that Louis and White owed him enormous debts. But I found that the "equitable order of specific performance" could not have established those debts because the events in the Vigo County case that Annamalai contended established the debts occurred no earlier than several months after Annamalai attempted to file the bankruptcy petitions. Before dismissing the '533 case, I granted Annamalai's request to withdraw his notice of voluntary dismissal.

In the '205 case, I also barred Annamalai from filing any cases in this district for a period of two years, allowing him to ask the court to lift that bar after the period expired. I based that ruling on Annamalai's dishonesty in the '205 case and his extensive history of litigation abuse across state and federal courts, which included filing meritless and frivolous actions in this court.

On February 2, 2026, in the '533 case, Annamalai moved to withdraw his previous request to withdraw the notice of voluntary dismissal. Dkt. 21 in the '533 case. The motion was dated January 26, 2026. I denied the motion. Dkt. 22 in the '533 case. I gave Annamalai the benefit of the prison mailbox rule and deemed the motion to be filed on January 26, which was before I dismissed the '533 case on January 30. But I denied the motion, concluding that the discretionary relief of withdrawing the previous request to withdraw the notice of voluntary dismissal would be inappropriate in the circumstances. I explained that granting that relief would result in voluntary dismissal of the '533 case and encourage even more gamesmanship and vexatious litigation from Annamalai, which would defeat the purpose of imposing a severe sanction.

ANALYSIS

Annamalai brings emergency motions to vacate final judgments entered in the '205 and '533 cases. Annamalai has sought this relief within 28 days of the entry of those final judgments, so I will treat the motions as requests for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). To prevail, Annamalai "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

I begin with Annamalai's motion in the '205 case. First, Annamalai contends that my finding that he intentionally made a false statement was erroneous. From what I can discern, Annamalai explains that he was not arguing in the amended petition that the Vigo County "equitable order of specific performance" created the debts that he asserted in the bankruptcy petitions against Louis and White. Rather, the argument goes, Annamalai was citing that order as proof that the debts were valid, even though the order came into existence well after he brought the bankruptcy petitions.

Annamalai's first contention does not show any error, let alone clear error, in my finding that he intentionally made a dishonest statement in his petition and other filings. Annamalai cited the "equitable order of specific performance" in his amended petition and brief in support to show his "factual innocence" of the disciplinary charges and that he acted in good faith when he brought the bankruptcy petitions in August 2016. *See* Dkt. 7 in the '205 case, at 2–3. Similarly, Annamalai suggested in his reply brief that Louis and White had "already [been] judicially found" liable for the debts when he brought the bankruptcy petitions. *See* Dkt. 44 in the '205 case, at 5. But Annamalai did not bring the Vigo County case until April 2017, and the "equitable order of specific performance" was not entered until November 2020. That order could not have created those debts. Annamalai made substantially similar statements in his disciplinary proceedings about the effect of purported discovery requests in two federal cases, and the disciplinary hearing officer found those statements to be dishonest. Dkt. 57 in the '205 case, at 12. Also, the "equitable order of specific performance," which another court has described as nonsensical, was entered in a case to which Louis and White are not parties. *See id.* at 3–4, 12. It's clear that, after he brought the bankruptcy petitions, Annamalai engaged

4

in continued abusive litigation in federal and state courts to attempt to justify the outlandish debts that he asserted against Louis and White.

Second, Annamalai contends in his motion for reconsideration in the '205 case that he had filed a notice of voluntary dismissal in that case on January 26, 2026, four days before the court entered its final judgment. *See* Dkt. 59-1 at 1–2. The idea is that because Annamalai had dismissed the '205 case before I entered final judgment, that judgment is erroneous. To start, Annamalai could not have voluntarily dismissed this case without my approval because, by January 26, respondent had answered the amended petition. *See* Fed. R. Civ. P. 41(a)(1)–(2). Annamalai previously tried to voluntarily dismiss the '205 case, albeit unsuccessfully, so he was aware of this rule. *See* Dkts. 33, 36, and 38 in the '205 case.

But this contention has a deeper flaw. The purported notices of voluntary dismissal are unreliable because the court never received and docketed them. Annamalai vaguely alleges that prison officials interfered with this mail, but the court has received his other filings, including those sent from his new prison in California. *See* Dkt. 56 and Dkt. 59. In view of Annamalai's history of dishonesty and abusive litigation, I find that he created the purported notices of voluntary dismissal after the fact to try to circumvent the court's final judgment in the '205 case. This continued dishonesty confirms my determination that the harsh sanctions of dismissal with prejudice and a filing bar were warranted.

Third, Annamalai contends that imposing sanctions without giving him notice and an opportunity to respond was erroneous. Annamalai is correct that, before exercising its inherent authority to sanction misconduct, a court generally "must notify the litigant of the specific misdeed that is the basis for possible sanction and allow the litigant an opportunity to respond." *See Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016). But this error is subject

to harmless-error analysis. *See id.* I have now addressed the arguments that Annamalai contends show that he did not intentionally make a false statement to the court. The initial lack of notice and the opportunity to respond are harmless. *See id.*

That leaves Annamalai's motion for reconsideration in the '533 case. Annamalai contends that dismissal of that case as a sanction was erroneous because, if given the benefit of the prison mailbox rule, he had moved to withdraw his request to withdraw the notice of voluntary dismissal before I dismissed that case. I already considered and rejected this argument. Dkt. 22 in the '533 case. Annamalai expresses mere disagreement with that ruling, but he doesn't explain how it's erroneous. Again, whether to grant a motion to withdraw a prior motion is discretionary; Annamalai is not automatically entitled to that relief. In the circumstances, granting that relief would not have been appropriate; it would have encouraged even more gamesmanship and vexatious litigation from Annamalai. Annamalai has a pattern of filing meritless lawsuits and then seeking to voluntarily dismiss them, as discussed above.

## ORDER

IT IS ORDERED that petitioner Annamalai Annamalai's motions for reconsideration (*see* Dkt. 59 in 24-cv-204-jdp and Dkt. 24 in 25-cv-533-jdp) are DENIED.

Entered March 31, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6